**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10501 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00306-LDG-NJK-1 |
| v. | |
| RICHARD WILLIAM WARD, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Argued and Submitted March 16, 2018
San Francisco, California

Before: McKEOWN, FUENTES,** and BEA, Circuit Judges.

Richard Ward appeals the district court's denial of his motion to suppress.

Ward argues that evidence derived from a warrantless entry into his home should

have been suppressed because no exigency justified the entry. Because the parties

are familiar with the facts, we do not recite them here. We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Julio M. Fuentes, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

28 U.S.C. § 1291, and we affirm.

The Fourth Amendment permits a warrantless search if the "exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006) (*citing Mincey v. Arizona*, 437 U.S. 385, 393–94 (1978)). An important and well-established exigency exists when officers must render emergency assistance to an injured person or protect someone from imminent injury. *Id*. Entry pursuant to the emergency aid exception is reasonable when, "(1) considering the totality of the circumstances, law enforcement had an objectively reasonable basis for concluding that there was an immediate need to protect others or themselves from serious harm; and (2) the search's scope and manner were reasonable to meet the need." *United States v. Snipe*, 515 F.3d 947, 952 (9th Cir. 2008).

Given the district court's factual findings—which were not challenged on appeal—and considering the totality of the circumstances, there was sufficient objective evidence to support the officers' first warrantless entry and sweep of Ward's home under the emergency aid exception. At the time of entry, the officers knew that there had been a 911 call reporting shots fired on the block, and that a woman approached the first officer on the scene, pointed to Ward and the two men standing outside of the home, and told the officer "that's them, that's them, there

they are." When Officer McKenzie approached the three men and ordered them to the ground, Ward was slow to comply and Sean Dearing stepped into the house and closed the door as if he was trying to hide something. Officer McKenzie also observed that, before entering the house, Dearing was holding his hands in a way consistent with how officers hold firearms while at a shooting range, although he did not see a firearm. The men were unresponsive when questioned, and Ward blatantly lied when he told Officer McKenzie that no one else was inside the home even though Dearing had just entered. Officers also observed spent shell casings "litter[ing]" the walkway in front of the home prior to entering. Under these circumstances, it was objectively reasonable to conclude that there was an immediate need to aid or protect someone in the home, as well as a need to ensure officer safety as the officers continued to investigate the 911 call. *See Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1163 (9th Cir. 2014) ("[O]fficer safety may also fall under the emergency rubric.").

The scope and manner of the search was also reasonable to meet the officers' needs. The officers spent only as much time in the house as needed to confirm that no one else was inside the home. The officers were also unable to use alternative means by sending in a police dog due to the presence of Ward's dog in the house.

We need not determine whether the officers' second walkthrough was

3

improper because, even if it was, the independent source doctrine applies. *Nix v. Williams*, 467 U.S. 431, 432 (1984) ("[T]he independent source doctrine . . . allow[s] admission of evidence that has been discovered by means wholly independent of any constitutional violation."). All of the evidence viewed by the officers during the second walkthrough had already been viewed during the preceding, lawful sweep.

Nor did the magistrate judge err by denying Ward's request for a *Franks* hearing. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978). Although Ward provided a laundry list of allegedly false statements, Ward failed to make any showing that the affidavit underlying the search warrant would not have supported a finding of probable cause without the allegedly false information. *See United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000) ("A defendant is entitled to [a *Franks* hearing] if the defendant can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information.").

**AFFIRMED**.